THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **BEVERLY D. ROBINSON,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 10-2459 |
| ) | |
| **LITTON LOAN SERVICING, LP** ) | |
| **D/B/A MGTLQ INVESTORS, L.P,** ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Plaintiff Beverly D. Robinson ("Robinson") brings this action against Defendant Litton Loan Servicing, LP d/b/a MGTLQ Investors, L.P. ("Litton") for breach of contract.[1] (Compl., ECF No. 1.) On May 26, 2011, Litton filed a Motion to Dismiss. (Def.'s Mot. to Dismiss, or in the Alternative, for Summ. J., ECF No. 15.) Plaintiff Beverly D. Robinson ("Robinson") responded stating, that "although she cannot consent to the motion, she cannot legally, nor in good faith, oppose it." (Pl.'s Resp. to Def.'s Mot. to Dismiss (ECF No. 19.) Litton has moved for dismissal of Robinson's complaint or, in the

---

[1] Robinson initially contended that Litton did business as "MTGLQ Investors, L.P.". (Compl. ¶ 5.) Robinson moved to add MGTLQ Investors, L.P. as a separate defendant, and Litton opposed the motion. (Mot. for Leave to Amend Compl., ECF No. 12.; Def.'s Resp. to Pl.'s Mot. for Leave to Amend Compl., ECF No. 13.) The Court denied Robinson's motion on May 16, 2011. (Order Denying Pl.'s Mot. for Leave to Amend Compl., ECF No. 14.)

1

alternative, for summary judgment. For the following reasons, Litton's Motion to Dismiss is GRANTED.

## I. Background[2]

On July 9, 2009, Litton entered into a contract to sell Robinson a parcel of real estate described as 21780 Highway 3, Tunica, Tunica County, Mississippi, 38676 (the "Property"). (Compl. ¶ 7.) Robinson tendered $1,500 to Litton on execution of the contract towards the purchase of the Property. (Id. ¶ 9.) Pursuant to the contract, Robinson had the Property surveyed, at which time she was discovered there was an encroachment issue.[3] (Id. ¶ 11.) In October of 2009, Litton informed Robinson that it would be unable to convey the Property because the property line issue had not been resolved. (Id. ¶ 13.) Robinson alleges that Litton breached the contract when it was "unwilling and/or unable to convey the [P]roperty." (Id. ¶ 14.) Robinson seeks damages for: 1) costs incurred in preparation for closing; 2) loss of benefit of the bargain; 3) loss of a favorable mortgage interest rate; and 4) repairs made to the property in anticipation of taking possession.

On July 18, 2009, Robinson and Litton executed an addendum which states the following:

---

[2] The following facts are taken from Robinson's Complaint and from her Response to the Defendant's First Requests for Admission. (Compl, ECF No. 1; Pl.'s Resp. to Def.'s First Req. for Admis., ECF No. 15-6 ("Pl.'s Resp.").)
[3] Neither party provides any information about the extent or nature of the encroachment.

2

> Buyer [Robinson], with the intention of binding Buyer, Buyer's heirs, executors, administrators, and assigns, releases, forever discharges and holds harmless [Litton] as agent for Seller, Seller, its respective officers, employees, agents, successors, and assigns of and from any and all manner of actions, causes of actions, suits, debts, dues, sums of money, controversies, agreements, promises, variances, trespasses, damages, judgments, executions, claims, and demands whatsoever in law or in equity against Litton Loan Servicing . . . which [Robinson] as "Buyer" ever had, now has, or may have . . . by any reason of any matter, cause, or thing whatsoever arising from the subject matter of this release [the Property].

(Addendum to Contract for Sale 1, ECF. No. 15-4 ("Addendum").) Robinson concedes that she signed the Addendum. (Pl.'s Resp. ¶ 6-9.) Robinson also concedes that it was a valid and binding contract. (Id. ¶ 9.)

## II. Jurisdiction and Choice of Law

Robinson is a Tennessee resident. (Compl. ¶ 4.) Litton is a corporation incorporated under the laws of Delaware and maintains its principal offices in Texas. (Ans. of Litton Loan Servicing, LP d/b/a MGTLQ Investors, L.P., ECF No. 4 ("Ans.").) The amount in controversy exceeds $75,000. Thus, the Court has diversity jurisdiction under 28 U.S.C. § 1332.

The substantive law governing a diversity case is state rather than federal law. Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938). A federal court must apply the "choice of law" rules of the state in which it sits. Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941); accord Menuskin v. Williams, 145

F.3d 755, 761 (6th Cir. 1998) (citations omitted); Girgis v. Countrywide Home Loans, Inc., 733 F. Supp. 2d 835, 850-51 (N.D. Ohio 2010) (citations omitted).

For contract claims, Tennessee follows the rule of lex loci contractus, which provides that a contract is presumed to be governed by the law of the jurisdiction in which it was executed, absent a contrary intent. Vantage Tech., LLC v. Cross, 17 S.W.3d 637, 650 (Tenn. Ct. App. 1999) (citing Ohio Cas. Ins. Co. v. Travelers Indem. Co., 493 S.W.2d 465, 467 (Tenn. 1973)); see also Southeast Tex. Inns, Inc. v. Prime Hospitality Corp., 420 F.3d 666, 672 n.8 (6th Cir. 2006) (observing that "Tennessee adheres to the rule of lex loci contractus."). "If the parties manifest an intent to instead apply the laws of another jurisdiction, then that intent will be honored provided certain requirements are met": (1) the choice of law provision must be executed in good faith, (2) the chosen jurisdiction must bear a material connection to the transaction, (3) the basis for the choice of law must be reasonable, and (4) the choice of "another jurisdiction's law must not be 'contrary to a fundamental policy of a state having a materially greater interest and whose law would otherwise govern.'" Id. (citations omitted).

The contract was entered into in the state of Mississippi, concerned property located in Mississippi, and was to be

4

performed within Mississippi. (Ans. 1.) The contract specifies that the Mississippi Code applies to various of its provisions. (Contract for the Sale and Purchase of Real Estate ¶ 19 & 21, ECF No. 15-2 (the "Contract").) Mississippi law governs Robinson's claims. See Vantage Tech., 17 S.W.3d at 650.[4]

### III. Standard of Review

In addressing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff and accept all well-pled factual allegations as true. League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007). A plaintiff can support a claim "by showing any set of facts consistent with the allegations in the complaint." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 563 (2007). This standard requires more than bare assertions of legal conclusions. Bovee v. Coopers & Lybrand C.P.A., 272 F.3d 356, 361 (6th Cir. 2001). "[A] formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Any claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam). "Specific facts are not necessary; the statement need

---

[4] Despite pleading in their answer that this contract is governed by Mississippi law (Ans. ¶ 3), Litton cites Tennessee law to support its Motion to Dismiss. (Def.'s Mem. Of Law in Support of Its Mot. to Dismiss, or in the Alternative, for Summ. J. 5-7, ECF No. 15-7.)

5

only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id. (citing Twombly, 550 U.S. at 555). Nonetheless, a complaint must contain sufficient facts "to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949 (citation omitted). A plaintiff with no facts and "armed with nothing more than conclusions" cannot "unlock the doors of discovery." Id. at 1950.

As a general rule, matters outside the outside the pleadings may not be considered when a court rules on a Rule 12(b)(6) motion to dismiss. J.P. Silverton Indus. L.P. v. Sohm, 243 Fed. App'x 82, 86-87 (6th Cir. 2007). However, "[d]ocuments attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim." Jackson v. City of Columbus, 194 F.3d 737, 745 (6th Cir. 1999); see also Borman v. Great Atl. & Pac. Tea Co., Inc., 64 F. App'x 524, 528 n. 3 (6th Cir. 2003)(quoting Weiner v. Klais & Co., Inc., 108 F.3d 86, 89

6

(6th Cir. 1997)) ("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim."); Malaney v. AT&T Umbrella Benefit Plan No. 1, No. 2:10-cv-401, 2010 U.S. Dist. LEXIS 130029, at *6 (S.D. Ohio, Dec. 9, 2010) ("The court may also consider a document . . . which is referred to in the complaint and is central to the plaintiff's claim.").

**IV. Analysis**

Robinson's Complaint arises from the contract that she signed with Litton.  (Compl. ¶ 7.)  The Sixth Circuit has decided that complaints alleging violations of insurance policies and pension plans incorporate those documents. See Greenberg v. Life Ins. Co., 177 F.3d 507, 514 (6th Cir. 1999) (incorporating a insurance policy submitted by the defendant into the pleadings); Weiner, 108 F.3d at 89 (incorporating pension plan documents that defendant attached to motion into the pleadings because they were central to plaintiff's claim for benefits).  District Courts have considered letters offering employment, home loan modification offers, arbitration clauses, and employment contracts to be central to a plaintiff's complaint. See Orton v. Johnny's Lunch Franchise, LLC, No. 10-11013, 2010 U.S. Dist. LEXIS 72672, at *11 n.7 (E.D. Mich. July 20, 2010); Bazzy v. IndyMac Mortg. Servs., 2010 U.S. Dist. LEXIS

7

15703, at *7 (E.D. Mich. Feb. 23, 2010); High v. Capital Senior Living Props. 2-Heatherwood, Inc., 594 F. Supp.2d 789, 796-97 (E.D. Mich. 2008); Campbell v. Prometheus Labs, Inc., No. 3:07-0058, 2008 U.S. Dist. LEXIS 6359, at *2 (M.D. Tenn. Jan. 28, 2008). Litton submits the Addendum to the Court, and it is part of the contract that forms the basis of Robinson's complaint. Therefore, it is incorporated into the pleadings.

When interpreting a contract, a Court must construe it "in accordance with the plain language" expressed by the parties. Lewis v. Allstate Ins. Co., 730 So. 2d 65, 70 (Miss. 1998). Unless a contract is ambiguous, interpreting it is a question of law. A&F Props., LLC v. Madison Cnty. Board of Supervisors, 933 So. 2d 296, 301 (Miss. 2006). Absent ambiguity, "legal purpose or intent should first be sought in an objective reading of the words employed in the contract to the exclusion of parol or extrinsic evidence." A&F Props., LLC, 933 So. 2d at 301. A court reviewing a contract should first apply "the 'four corners' test . . . wherein the reviewing court looks to the language that the parties used in expressing their agreement." Royer Homes of Miss., Inc. v. Chandeleur Homes, Inc., 857 So. 2d 748, 753 (Miss. 2003).

Mississippi allows parties to sign releases and waive their right to sue. "Parties are usually free to contract away their rights, even those which are unknown and not

8

contemplated," Ill. Cen. R.R. v. Acuff, 950 So. 2d 947, 960 (Miss. 2006). Nevertheless, "[c]lauses limiting liability are given rigid scrutiny by the courts, and will not be enforced unless the limitation is fairly and honestly negotiated and understandingly entered into." Turnbough v. Ladner, 754 So. 2d 467, 469 (Miss. 1998) (quoting Farragut v. Massey, 612 So. 2d 325, 330 (Miss. 1992)); see also Quinn v. Miss. State Univ, 720 So. 2d 843, 851, (Miss. 1998) (upholding clauses that limit liability only if they are "fairly and honestly negotiated and understood by both parties.").

Looking to the plain language of the Addendum, Robinson expressly agreed to "forever discharge[] and hold[] harmless [Litton] as agent for Seller . . . from any and all manner of actions, causes of actions, suits," and any other matter. (Addendum.) Robinson admits that the Addendum is a valid and binding document which she signed. (Pl.'s Responses to Def.'s First Requests for Admis. ¶¶ 8-10, ECF No. 15-6 ("Admissions").) Her claim sounds in contract, not tort.

The facts of this breach-of-contract case differ from tort cases where the courts of Mississippi have refused to uphold releases. In Turnbough, for example, the plaintiff signed a waiver of liability before beginning scuba diving classes and sued the defendant after he was injured and diagnosed with decompression illness. 754 So. 2d 468-69. The court held that,

9

because the defendant's safety procedures fell "woefully short of minimally acceptable standards," it was unreasonable to believe Turnbough "intended to waive his right to recover from [the defendant] for failing to follow even the most basic industry safety standards." Id. at 469. In Quinn, the plaintiff sued when his coach swung a baseball bat at him and accidentally hit him in the mouth. 720 So. 2d at 845. The plaintiff's parents had signed a contract providing that there was an "inherent risk of physical injury" and releasing the defendant "from any and all liability for personal injury." Id. The court concluded that there were two reasons the clause was not applicable: 1) the release was ambiguous, and 2) "[a] party can not use an anticipatory release to escape liability for tortious acts." Id. at 851; see also Farragut v. Massey, 612 So. 2d 325, 330 (Miss. 1992) (finding a liability release did not cover property damage from drilling because a party may not use a release "to escape liability for tortious acts.").

These cases differ from the present situation. Robinson does not contend that her contract was ambiguous or that her complaint sounds in tort; she seeks damages for breach of contract. She does not argue that she did not understand the release or that it was not honestly negotiated. "When the language of the . . . contract is clear, definite, explicit, . . . and free from ambiguity throughout, the court will . . . give

10

effect to each and all parts written." Farragut, 612 So. 2d at 329 (quoting Sumter Lumber Co. v. Skipper, 184 So. 296, 298 (1938)).

When the plaintiff in Meeks v. Khumalo signed a release promising not to "file or assert any suit, action or claim against the [defendant] . . . for damages or injuries of any kind whatsoever resulting [from]" the defendant's medical malpractice, the court dismissed the complaint and held it "border[ed] on frivolous." No. 1:07CV161-M-D, 2009 U.S. Dist. LEXIS 25875, at *3-4 (N.D. Miss. March 25, 2009). In Peters v. State Farm Mut. Auto. Ins. Co., the Northern District of Mississippi upheld a release "from any and all claims, demands, damages, actions, causes of actions or suits of any kind or nature whatsoever" because the language was unambiguous. No. 1:05CV85-D-D, 2006 U.S. Dist. LEXIS 365, at *8-9 (N.D. Miss. Jan. 17, 2006). Courts routinely uphold such language as unambiguous. See, e.g., Puro Sys. V. Bevilacqua, No. 10-7-557-CIV-COHN/SELTZER, 2010 U.S. Dist. LEXIS 84357, at *7-8 (S.D. Fla. Aug. 18, 2010) (upholding a termination agreement as unambiguous when it released one party from "any and all manner of actions, causes of actions, or suits); Transportation Ins. Co. v. Spring-Del Assoc, 159 F. Supp. 2d 836, 838 (E.D. Pa. 2001) (same); Hughes v. Carmody & Torrance, Case No.

9700127811S, 1998 Conn. Super. LEXIS, at *10-12 (Conn. Super. Ct. Nov. 19, 1998) (same).

Robinson has offered no evidence that the Addendum is ambiguous or that it was the product of dishonest negotiations. She has failed to address the fact that she signed a valid waiver. Even "constru[ing] the complaint in the light most favorable to the plaintiff," she has not pled a valid claim. Albrecht v. Treon, 617 F.3d 890, 893 (6th Cir. 2010) (quoting League of Latin American Citizens, 500 F.3d at 527). The Court is not required "to ignore undisputed factual representations of the defendant which are consistent with the representations of the plaintiff." Bridgeport Music, Inc. v. Still N the Water Publ'g, 327 F.3d 472, 477 (6th Cir. 2003). Because Robinson has admitted that the Addendum was valid and binding, Litton's Motion to Dismiss must be granted.

### V.  Conclusion

For the foregoing reasons, Litton's Motion to Dismiss is GRANTED and Robinson's Complaint is DISMISSED.

So ordered this 28th day of October, 2011.

/s Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE